I'll argue it all the way around. Thank you. Alright, so that case is submitted and we'll move to the last case of the day. Amerson v. Commissioner, 20-11179 Amerson v. Commissioner, 20-11179 Is it Mr. Ranky. Mr. Ranky is up next. Thank you, His Honor, and may it please the Court. The district court abused its discretion by dismissing Mr. Amerson's case with prejudice as a sanction under Rules 37 and 41 and denying him of the opportunity to pursue his claims on the merits. This Court's precedent instructs that a dismissal with prejudice is only appropriate where the district court has made two findings. First, the district court must find that the party has engaged in a clear pattern of delay or willful contempt, which is sometimes called contumacious conduct. And second, the district court must specifically find that lesser sanctions would not suffice to serve the interests of justice. In the Betty Kay Agency's case, this Court emphasized that those are two separate and independent inquiries. Findings satisfying both prongs of the standard are essential before dismissal with prejudice is appropriate. The district court abused its discretion in concluding that each of the prongs of the test were satisfied, and I'd like to address the lesser sanctions prong of the test first. That lesser sanctions prong requires the district court to reflect upon the wide range of sanctions that are available at its disposal and find that lesser sanctions would not suffice to correct the conduct in question. The district court abused its discretion in concluding that lesser sanctions would not suffice for two reasons. First, the district court did not meaningfully consider the availability of lesser sanctions. Under the Mingo case, to justify the extreme sanction of a dismissal with prejudice, the district court must reflect upon the wide range of sanctions and conclude that an unsaved dismissal would suffice. Here, the district court devoted a single sentence of its dismissal order to the crucial lesser sanctions prong of the test. Now, in fairness, I mean, in Mingo and Betty Kay both, right, there was like nothing, zippo, no finding at all, right? I recognize here we don't have much. There's this one sentence, but in those cases, I think we emphasized that there was nothing, right? That's correct, Your Honor. Certainly, the district court did mention lesser sanctions in this case, which is different than what the district court did in the Betty Kay agencies in the Mingo case where there was no reference to lesser sanctions at all, but under this court's precedent, the district court is nevertheless required to meaningfully consider whether lesser sanctions would suffice, and the district court didn't do that here. The Appellees in this case had proposed a sanction that was short of dismissal in the motion to dismiss the case as a sanction. They had requested that the court reopen discovery for the limited purpose of being able to complete Mr. Amerson's deposition, extend the dispositive motion deadline until after that deposition could take place, issue an order compelling Mr. Amerson to appear for and submit to his deposition, and to make them whole for the fees that they incurred after the first deposition had taken place. Do you think it's possible that, you know, given the deference that we give to district courts, not just under the abuse of discretion standard, but sort of in managing their own courtrooms and dockets, that we might just say this district court had lived with this for a while, and we're just not going to require much more than him saying implicitly, I've thought about this, and lesser sanctions aren't going to work? I mean, do we need to require more of a district court who has sort of lived with this case in the way that this district court judge had? I think under the circumstances of this case, we do need to require more of the district court. There are circumstances, there are extreme circumstances where this court has recognized that a specific finding about lesser sanctions is not required, and that would be an example of that is the Gofford v. Owens case that was cited in our briefs. But that case was very different than the case that we have before the court today, because in the Gofford case, the defendants were physicians who had appeared at the trial ready to testify, and they had closed their practices and rescheduled their appointments when they showed up at the trial. And the plaintiff just didn't show up, or the plaintiff's counsel, rather, just didn't show up in that case and wasn't ready to proceed. And any lesser sanction in that case would have severely prejudiced the defendants  And so that was a circumstance in which this court had concluded that a finding that lesser sanctions would not suffice was not necessary because it was so obvious from the record. By contrast— So here, I mean, just to follow up on Judge Newsom's point, I mean, what the district court seemed to sort of suggest here is, look, I'm familiar with this litigant. He's done this kind of stuff before. You know, I've tried to sanction him before. No lesser sanction is going to satisfy at this point. I don't think the district court said that in so many words, but that was sort of what the district court was saying. Is it unreasonable for the district court to speak in that kind of shorthand? I don't think it's unreasonable to speak in that kind of shorthand, but the district court does have to explain the factors that informed its discretion. And here what the district court did was concluded in its written order. The district court says that lesser sanctions would not suffice because Mr. Amerson's conduct was willful. And by looking at the willfulness of Mr. Amerson's conduct on the lesser sanctions inquiry, the district court also abused its discretion because it simply applied the wrong test. It collapsed the two separate and independent prongs of the test into what effectively became a single prong because the district court said, look, because Mr. Amerson has engaged in this willful conduct and has been sanctioned in the past before, I'm going to conclude that lesser sanctions here would not suffice. And that's short of the meaningful inquiry that this court's precedent demands that the district court consider, especially in the face of the defendants below themselves proposing a lesser alternative sanction that's just never addressed anywhere in the district court's opinion. And I touched on this briefly, Your Honor, but the second error that the district court made in considering whether lesser sanctions would suffice is that it conflated the separate and independent prong of willfulness with the first prong of the test, which looked at whether Mr. Amerson's conduct was willful. And because the lesser sanctions inquiry is separate and distinct from the willfulness inquiry, this court has indicated in the Doi case that before dismissing with prejudice, the court must address whether lesser sanctions would have been appropriate even if the alleged violation were willful and done in bad faith. The district court didn't assess, hey, assuming that Mr. Amerson's conduct was done in bad faith, would there be lesser sanctions that could suffice to address this conduct? What the district court said was very different. The district court said, I conclude that Mr. Amerson is engaged in willful conduct and acted willfully and, therefore, I am concluding that lesser sanctions would not suffice to correct the conduct. And by doing that, the district court ran afoul of this court's precedent in Betty K. Agencies that says that finding both prongs of the standard are essential before imposing the sanction of a dismissal with prejudice. But won't sometimes, though, that the same—I mean, doesn't sometimes that make sense? I mean, here the alternative to dismissing is just to hold the deposition again, right, to reopen discovery and allow the deposition again. And when the district court said, well, this was a willful decision not to participate in the deposition, isn't the district court—doesn't that make sense? The district court is saying just reopening to allow the deposition to be held again is not going to be sufficient because he decided not to participate in this the first time. Well, I don't think that is—I don't think that makes sense under the specific circumstances of this case. And the reason is because Mr. Amerson didn't indicate that he wouldn't be willing to participate at a deposition in the future. What Mr. Amerson said—and he actually filed a motion the day after the deposition to this effect, and this is consistent with the statements that he made at the deposition and he brought a sworn affidavit with him to the deposition that indicated that he would be willing to participate in the deposition after he had been medically evaluated. Mr. Amerson did not believe that he was competent to participate in the deposition when it took place. He brought a sworn affidavit with him, and it was entered as an exhibit to his deposition, which is in the record at docket entry 124-4. And then immediately thereafter, the very next day, Mr. Amerson mailed a document to the court that was called a motion to terminate deposition. And the district court did not address the motion to terminate deposition in its dismissal order at all. And I think under that circumstance, it is an abusive discretion to conclude that Mr. Amerson's willful failure to participate in a deposition was both willful conduct and that an order compelling him to participate in the future would not suffice. This is very different from the cases in which the failure to participate in a deposition that this court has affirmed a dismissal with prejudice for happened. And in those cases, the litigant often expressed an intention that they wouldn't participate in any discovery going forward or they had repeatedly failed to show up. The Fountain case that the appellees cite in their brief is a good example of that where the plaintiff just didn't show up at the deposition at all. Here, Mr. Amerson showed up. He answered questions for defense counsel about his competency. He asked at the deposition that it be terminated. And then he filed a motion for a protective order with the court seeking that relief. The district court not only doesn't acknowledge that he filed the motion for protective order, but the district court actually concludes at the top of page 4 of its dismissal order that no motion for protective order that could have excused his conduct was filed. And the district court's finding on that point, which is contradicted by what Mr. Amerson had actually filed in the record, is an abuse of discretion because the district court's conclusion that Mr. Amerson's conduct was willful was explained by Mr. Amerson in that motion to terminate deposition. And at the very minimum, the district court should have considered Mr. Amerson's explanations in the motion to terminate deposition that he had filed before making a finding that Mr. Amerson's conduct was willful. What do we make of the fact just sort of generally that this case, the willfulness finding really isn't just about the deposition, right? I mean, it seems like the deposition is the culmination of a lot of frustration, probably, right, on the part of the district court, just scads of motions, sometimes in defiance of court direction, hey, you know, sort of don't do this again, that the deposition is just sort of the straw that broke the camel's back. Yes, Judge Newsom. The district court's dismissal order and the magistrate judge's report and recommendation both referenced other conduct for Mr. Amerson, who was a pro se litigant in the district court, and Mr. Amerson certainly filed a number of motions to amend his complaint. Mr. Amerson certainly filed several motions to compel. Mr. Amerson also filed several motions for reconsideration, and those were all things that the district court mentioned in sort of Mr. Amerson's pattern of willful conduct. But the record doesn't support that Mr. Amerson was acting in willful disregard of the court order by filing any of those prior filings because Mr. Amerson was never warned as a pro se litigant that what he was doing was improper. So correct me if I'm wrong, but I thought with respect to at least two of those categories, the motions to compel, motions to appoint counsel, that the subsequent motions actually were in contravention of court orders denying the earlier motions, saying like, hey, don't do this again without coordinating with the other side, or don't ask again, I've already said no to counsel. Judge Newsom, that's not consistent with my reading of the record. Mr. Amerson did file, I believe, two motions to appoint counsel, which actually is not what the district court had mentioned in the dismissal order. The district court had mentioned motions for reconsideration, motions to compel, and motions to amend the complaint. But on the motions to appoint counsel, the district court entered two orders denying those motions, and in the second motion to appoint counsel, the district court said, Mr. Amerson, please don't move again to file a motion to appoint counsel. If I determine that circumstances warrant that counsel should be appointed, I will appoint counsel for you. So it was just the second motion where he said no to counsel. That was the second district court's order. And then I know, Your Honor, that the district court didn't enter any other orders on motions to appoint counsel. I don't believe Mr. Amerson filed any other motions to appoint counsel after he received that order. Thanks for clarifying that. No problem. So I see your time is about to expire. Let me ask Judge Branch if she has any questions. I do. Let's return to the prong that deals with whether the district court meaningfully considered lesser sanctions. So here in this case, we have the district court order. The district court order expressly says lesser sanctions are not going to suffice. We have a case, Fifth v. Blakeney, that says we're not going to require the district court judge to explicitly state that he or she had considered lesser sanctions. If we're not requiring the district court judge to explicitly state that he or she has considered, meaningfully considered lesser sanctions, and here it has been done so explicitly, how has Judge Self fallen short of what is required in the meaningful consideration prong? Yes, Judge Branch. I think the reason is that the district court is only not required to specifically make a finding on lesser sanctions where lesser sanctions are self-evident from the record in the case. I don't read the Phipps case to suggest that a dismissal with prejudice can be warranted where there is absolutely nothing in the record to suggest that lesser sanctions would not suffice. And here, particularly because Mr. Amerson had expressed a willingness to be deposed in the future, and because some of the conduct Mr. Amerson had been chided by the district court for previously, he had actually made an attempt, as we discussed in our briefs, to correct his conduct. It simply wasn't possible to conclude from the record that the circumstances were such that a finding of lesser sanctions did not need to be made. And because you couldn't conclude that from the record, the district court was required under this court's precedent in Betty Kaye Agencies and in Mingo to meaningfully consider the possibility of lesser sanctions and couldn't just address it in a single sentence without any analysis. Well, and I guess that's kind of where you're kind of getting to the point that I'm trying to make. Where have we required as part of meaningful consideration that a judge do more than judge self did in this case? Where have we said the district court judge has to give more of an explanation? Because here, the district court judge said lesser sanctions are not sufficient. And here's why. Why? I mean, so he gave a sentence about it. He needed a paragraph. He needed two paragraphs. Where do we say you have to put forth, district court judge, exactly all the details of your, quote, unquote, meaningful consideration? Well, in the Cohen case, which is cited in our briefs as 782F2nd923, this court said that the district court is required to explain why a lesser sanction would not serve the interest of justice. I don't think that the court needs to set a bright-line rule about a number of paragraphs or a length of the consideration about why lesser sanctions could suffice. Because here, what we have is that the only reason that the district judge gave for why lesser sanctions would not suffice is because the district judge believed that Mr. Amerson's conduct was willful. And given the district judge's finding that Mr. Amerson's conduct was willful and the fact that there's nothing else in the district court's dismissal order that addresses why lesser sanctions would not suffice, the district court did not independently analyze that prong of the test in its decision. I guess my question kind of boils down to, are you really arguing about whether Judge Self failed to meaningfully consider lesser sanctions, or are you ultimately disagreeing with his conclusion? We're making two arguments on the lesser sanctions point, Judge Branch. We do think that Judge Self failed to meaningfully consider lesser sanctions. And a good example of the type of analysis that would be sufficient to consider lesser sanctions is the district court's decision that we quoted from our brief in the Smith v. Atlanta postal case, which was affirmed by this court when the court imposed a sanction of dismissal with prejudice. But the other point that we're making on the lesser sanctions is not just that we disagree with Judge Self's ultimate conclusion, which of course would not be sufficient to reverse on an abuse of discretion standard of review. It's that Judge Self conflated the two prongs of the inquiry that this court and Betty Kay agencies said must remain separate and distinct because the only reason why he concluded that Mr. Amerson's conduct was, or why lesser sanctions would not suffice is because Mr. Amerson's conduct was willful. Thank you. I don't have any further questions. Okay. Very well. Mr. Ranky, we'll hear from you again on rebuttal. So I understand we have a pinch hitter, Ms. Cusimano here for 14 minutes and then Mr. McCullen for one. I can't wait to see the one minute argument. Your Honors, may it please the court. I'm Ellen Cusimano on behalf of all of the appellees in the case except for Ollie Warren, who is being represented by other counsel. Mr. Amerson has a history of disregarding court orders. He filed three lawsuits before this one, several of which asserted the same claims that are present in this case. And in all three of those lawsuits, his case was dismissed without prejudice because he had lied to the courts and failed to comply with court orders. Mr. Amerson then filed this fourth lawsuit, but he continued to engage in the same or similar behavior. And so this fourth time around, the district court decided not to dismiss his complaint without prejudice, but to dismiss it with prejudice. And that is the decision that we are asking this court to affirm. After all, if you impose three lesser sanctions that have no effects on Mr. Amerson's behavior, it makes no sense to impose a lesser sanction yet again. What do we do with the fact that not you personally, but your side didn't request dismissal as a sanction? Your Honor, I disagree with that. I believe in the motion that counsel filed below, its preferred sanction was dismissal with prejudice. The alternative was to compel him to sit for his deposition, but the preferred sanction was to dismiss the case with prejudice. And, Your Honor, I think both parties agree here that to impose that sanction, two elements have to be met. I'm going to address each element in turn, starting with the first one, unless the court has a different preference. The first one, of course, requires a pattern of willful contempt or contumacious conduct, and Mr. Amerson certainly has that pattern here. In the first case, the court ordered him to recast his complaint on standard forms. He disobeyed that order. That court also ordered him to show cause. He disobeyed that show cause order as well. The court then found that his excuses for not being able to comply were disingenuous. In the second lawsuit— So just so I'm clear, and maybe I should know this, but is it settled law that in looking for a pattern of willful misconduct, we can look outside the four corners of this case? Yes, Your Honor, and I would direct this court to Dawson v. Linnan, which is 797 F2D 3—sorry, 934. There, this court took into consideration the fact that the plaintiff had been dishonest about his financial status in previous cases, and so I think that case stands for the proposition that you can look at other cases. So this may be a ridiculous question, but if you've got a vexatious litigant who has filed 10 cases before, they've all been sort of dismissed as frivolous, and then he files the 11th, can the district court just say, I've had it with you. You've already filed 10 cases. Your 11th case—as soon as he files it, your 11th case is dismissed for willful misconduct. Well, as long as there actually is willful misconduct, and there is— Well, let's say there is willful misconduct in the first—the court concludes that there is willful misconduct in the filing of the first 10. But maybe this one's got legs, and the district court just says, like, I'm done. I think that would be an abuse of discretion because it doesn't comply with the two elements, the first one being that you have to show a pattern of consummationist conduct that continues into the current litigation. Oh, I see. So that's the piece of it I didn't understand. You can't—so you're saying that you can look outside the four corners of this case as evidence of a pattern of consummationist or willful conduct, but that it's got to bleed over into this one. At the very least, the court has to give the plaintiff another chance in this new case. And unfortunately, in this fourth case, Mr. Amerson engaged in the same conduct. So, for example, the district court specifically ordered him to stop filing motions to appoint counsel and explained to him that if counsel were needed in the future, it would appoint counsel by its own motion. Mr. Amerson then violated that order twice by filing two more motions to appoint counsel. As another example, the district court ordered him not to file motions to compel unless he had actually sent discovery requests to opposing counsel and then had a good faith conference with them. So do you think there's enough of a pattern of willfulness conduct or consummationist conduct, whatever we're calling it, in the four corners of this case without looking outside to the previous cases? Yes, absolutely, Your Honor. I think the three other cases just provide the icing on the cake, really. And of course, really, I think the worst example in this case is the fact that the court ordered Mr. Amerson that his deposition could be taken and that if he refused to participate, his lawsuit could be dismissed. Despite that order, Mr. Amerson showed up at his deposition and refused to answer questions about the substance of his case. He also gave an excuse that he couldn't answer questions because he had been poisoned continually for 16 days. But the evidence in the record shows that that is not true. So, for example, the morning of the deposition, Mr. Amerson claims that he went to medical and submitted a sick call request. But his medical records show that that never happened. And then about an hour after the failed deposition, Mr. Amerson had a routine meeting with his counselor. His counselor asked him how he was doing, and he said that he was doing okay. He did not mention anything about being poisoned continuously for 16 days. He also did not have any symptoms of being poisoned, which is true for the deposition also. During that deposition, despite his claim that he couldn't answer questions, he was well enough and competent enough to converse with counsel for 35 minutes about the discovery aspects of the case. And during those 35 minutes, he was able to recall specific mailing dates, specific filing dates, specific docket numbers, as well as summarize the substance of various court orders. And not only that, Your Honor, but before the deposition, he was well enough and competent enough to draft an affidavit. But after the deposition, he was well enough and competent enough to draft a seven-page motion. These are not the activities of somebody who has been poisoned continuously for 16 days. These are instead the actions of someone who decided to take advantage of the deposition and use it for his own discovery purposes. If he was able to spend 35 minutes talking about the discovery issues in his case, he was more than capable of also talking about the substantive issues in his case. And so I think when the court examines all of that behavior in the collective, the first element of a pattern of contumacious conduct has been met. As to the second element, the district court did explicitly consider lesser sanctions and found that they were ineffective. There's been much talk about what the district court actually said, but I think we also need to consider what the magistrate judge said. The magistrate judge said, and I quote, The record both in this case and particularly in Amerson v. Sellers demonstrates that less drastic sanctions, including even the sanction of a non-prejudicial dismissal, have failed to break plaintiff Christopher Amerson of his habit of routinely engaging in abusive behavior. It then went on to say that because plaintiff has persisted in such conduct despite past attempts to impose lesser sanctions, this court is recommending that the motion be granted. And I think that's important because the district court expressly adopted the magistrate judge's report and recommendation. In fact, in the very first sentence of the district court's order, it said, and I quote, The court adopts the United States magistrate judge's report and recommendation and makes it the order of the court. So what the magistrate judge said in his report is the order of the court. I want to also address the issue of conflation, which again, I don't believe happens. In the magistrate judge's report and recommendation, he spent four to five pages discussing the pattern of contumacious conduct. After it had finished discussing that pattern, it then turned to the imposition of lesser sanctions and discussed them separately. I also want to address what came up earlier about how the district court's opinion was perhaps a little bit short. Well, there is no opinion writing requirement for that second element. Instead, district courts just need to consider lesser sanctions. And then for the purposes of appellate review, there just needs to be an indication in the record that that occurred. And that is certainly in the record here. Let me ask, if you don't mind, while you're at a pause, if Judge Branch has questions. So before we run out of time, Judge Branch, do you have questions? I do not. Okay. Sorry. Feel free to proceed. Really, I just want to leave this court by again emphasizing that we're under an abusive discretion standard, which of course is a high standard to overcome. And under that standard, the court can reverse only if the lower court applied the wrong legal standard, which it did not do so here, and made findings of facts that are clearly erroneous, which of course it did not do so here. That standard gives district courts a range of different decisions it can choose from. And as long as its decision is within that range, it cannot be disturbed on appeal, even if a different district court judge could have reached a different decision, and even if this court had decided this in the first instance, it would have reached a different decision. So for all of those reasons, we are asking the court to affirm the dismissal of Mr. Amerson's lawsuit with prejudice as a sanction for his misconduct. Thank you. Thank you very much. Ms. Cusimano, Mr. McMullen, we'll hear from you. Thank you, Your Honor. And may it please the Court, my name is Calvin McMullen, and I represent Ms. Olive Warren, who is the only individual party here as a contract employee nurse for the Department of Corrections and in the chain of events that brought us here today. Judge, I just want to argue the last component of that. It's no issue as to whether or not the court provided notice to the appellate in this matter as to what would be the sanctions if he failed to comply with the depositions. That was initially, and he found that that was willful in his refusal. The appellate counsel cited the Dole case in this matter, and the difference in that case is the facts that's different from this particular case in the sense that it only dealt with situations where they sent out a notice, the guy didn't show up, and then he then renoticed and it was just too late. The last part of it is the—I see my time is up, Judge. You can finish your thought. The thought is that the question I want the court to address and understand is that what was the district court to do? The same thing it had already done. It already had issued an order directing him to comply with the deposition. The only thing that they're asking him, citing the Dole case and others, is to do it again, order him the same thing to do what the court had already asked him to do. No lesser sanctions, i.e., sanction him for attorney fees or other things. In one case, the appellants offered a Taylor v. Taylor case basically saying, charge him with attorney fees as a pro se party at prison, and all he had to do is to say, well, I don't have the money to pay, and then sanction him. And that makes absolutely no sense in what the court would have to do. I also concur in the Pinkley case, even in dicta, they said that it's easier to just suggest, Judge, that yes, the district court might have helped this court by outlining why it did it, but it said it had no reason to do it under the Pinkley-Bradshaw. And for those reasons, Judge, we just ask the court to affirm the lower court decision. Thank you. Thank you. Judge Branch, do you have any questions? No. Mr. McMullen, thank you very much. Thank you, Judge. Mr. Ranke, we'll hear from you on rebuttal. Thank you, Your Honors. I have three points that I would like to make on rebuttal. First, I'll speak to the abuse of discretion standard. We don't simply disagree with the district judge's decision. The district court abused its discretion in imposing the most extreme sanction with a dismissal of prejudice because it didn't comply with this court's clear instructions, which this court has articulated over and over again, that two specific findings need to be satisfied before dismissing a case with prejudice and imposing that extreme sanction. The first finding is a clear pattern of willful conduct. Here, the district court abused its discretion in finding that there is a clear pattern of willful conduct because the district court's finding rests on a factual finding that is contradicted by the record. The district court found that Mr. Amerson willfully failed to participate in his deposition, in part because he didn't file a motion for protective order. In fact, Mr. Amerson filed a motion for protective order. The district court abused its discretion on the second prong of the test because the district court improperly conflated the willfulness inquiry with the inquiry about whether lesser sanctions would suffice. Two other points. My second point is the deposition conduct. Opposing counsel said that Mr. Amerson refused to answer questions. In fact, if you look at the deposition transcript, Mr. Amerson did answer questions. He answered questions about his competency, and he requested that the deposition be terminated. He said he understood the difference between a truth and a falsehood, and as opposing counsel pointed out, he engaged in 35 minutes of conversation about discovery. In the face of Mr. Amerson's ability to recover all of those details about the case, the defendants should have asked him substantive questions about the case. They had already laid the foundation for his competency, but then proceeded just to move to dismiss as a sanction. I see my time is almost up. Great, and then my third point, Your Honor, is about the magistrate judge's report and recommendation, which my opposing counsel relied on in concluding that the district court are on the lesser sanctions prong. The magistrate did look to the willfulness of Mr. Amerson's conduct in assessing whether lesser sanctions would suffice. The magistrate judge specifically referenced Mr. Amerson's habit of routinely engaging in abusive behavior. The emphasis on abusive behavior is another way of saying that the conduct was willful, and, in fact, the record suggests that that's how the district court understood it, because the district court found that lesser sanctions wouldn't suffice only because the conduct was willful. Thank you, Your Honor. Okay, and I should say, you took this case on an appointed basis? Yes, Your Honor. Thank you very much for your service to the court. Thank you, Your Honor. Well done. All right, thank you, everybody.  All rise. Thank you.